UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 8:25- cr-426-JSM-LSG

WUILLIAN DE JESUS

## NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSES, AND FACTUAL BASIS

The United States of America, by and through Gregory W. Kehoe, United States Attorney for the Middle District of Florida, hereby provides notice of the maximum penalties, essential elements, and factual basis for the charged offenses in the above captioned case. The United States provides notice of the following in anticipation of the above-named defendant entering a change of plea in this case:

### ESSENTIAL ELEMENTS

The essential elements of Count One, a violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, while on board a vessel subject to the jurisdiction of the United States, are as follows:

First:     That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment; and

Second:     That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

2

|        |                                                                                                                              |
|--------|------------------------------------------------------------------------------------------------------------------------------|
| Third: | That the object of the unlawful plan was to possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. |

The essential elements of Count Two, a violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), possession with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, while on board a vessel subject to the jurisdiction of the United States, are as follows:

|         |                                                                                                                |
|---------|----------------------------------------------------------------------------------------------------------------|
| First:  | That the Defendant knowingly possessed a mixture or substance containing a detectable amount of cocaine, as charged; |
| Second: | That the Defendant intended to distribute the cocaine;                                                         |
| Third:  | That the weight of the mixture or substance possessed containing a detectable amount of the cocaine was five (5) kilograms or more. |

Although not elements of the offenses charged in Counts One and Two of the Indictment, the Government has the burden of establishing that the subject vessel was subject to the jurisdiction of the United States. In this case, the United States would show that the subject vessel is a vessel without nationality under 46 U.S.C. § 70502(c)(1)(A). Whether or not a vessel is subject to the jurisdiction of the United States is a preliminary question of law to be determined by the trial judge rather than an element of the offense submitted to the jury. 46 U.S.C. § 70504(a). *See also*, *United States v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002).

## PENALTY

The offenses charged in Counts One and Two of the Indictment are each punishable by a mandatory minimum term of imprisonment of ten (10) years up to life, a fine not to exceed $10,000,000, a term of supervised release of at least five (5) years up to life, and a special assessment of $100. *See* 21 U.S.C. § 960(b)(1)(B)(ii). Additionally, the defendant must forfeit property, pursuant to 46 U.S.C. § 70507, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), as outlined in the Indictment.

## FACTUAL BASIS

On or about August 7, 2025, a maritime patrol aircraft (MPA) sighted a go-fast vessel (GFV) in the international waters of the Caribbean Sea, approximately 100 nautical miles off the coast of Aruba (international waters). The MPA crew observed the GFV had several fuel tanks and packages onboard.

The United States Navy Ship (USS) MINNEAPOLIS-SAINT PAUL was patrolling nearby with a Coast Guard law enforcement team onboard. The USS MINNEAPOLIS-SAINT PAUL diverted an airborne asset to further investigate the GFV and launched a small boat with a Coast Guard boarding team to intercept the GFV. The USS MINNEAPOLIS-SAINT PAUL utilized airborne use of force warning shots in an attempt to compel compliance from the GFV, but the warning shots were ineffective. The USS MINNEAPOLIS-SAINT PAUL reported that the persons onboard the GFV were covering the outboard engines, so airborne disabling fire was determined to be unavailable at that time.

4

The USS MINNEAPOLIS-SAINT PAUL then launched a tactical watercraft to intercept the GFV. The tactical craft had a Coast Guard Law Enforcement Detachment Team onboard. They subsequently obtained positive physical control of the GFV. This entire interaction occurred in international waters. The Coast Guard then conducted a right of visit (ROV) boarding observing no physical country flag flown and no registration documents. No master was identified, no crewmember made a claim of nationality for the vessel, and the defendant, Wuillian De Jesus, and his two co-defendants in this case were identified as the three crewmembers on the GFV.

Therefore, in accordance with 46 U.S.C. §§ 70502(c)(1)(A) and 70502(d)(1)(B), the U.S. Coast Guard treated the GFV as a vessel without nationality and therefore a vessel subject to the jurisdiction of the United States. At the time of interdiction by the Coast Guard, the GFV was seaward of the territorial seas of any nation and in international waters.

The Coast Guard performed two IONSCAN tests on the packages onboard the GFV, both testing positive for cocaine. The Coast Guard recovered 35 bales of suspected cocaine. The contraband had an at-sea weight of approximately 1,225 kilograms.

The defendant, Wuillian De Jesus, willingly agreed to transport cocaine aboard the GFV with his codefendants and others. The purpose of this agreement was to smuggle this cocaine through international waters and distribute the cocaine to other persons.

The defendant knew the packages onboard the GFV contained five or more kilograms of cocaine and knew that the planned voyage was a drug smuggling venture.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ David Rehfuss*
David Rehfuss
Special Assistant United States Attorney
United States Attorney No. 228
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: David.Rehfuss@usdoj.gov

6

U.S. v. Wuillian De Jesus            Case No. 8:25-cr-425-JSM-LSG

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all Counsel of Record.

                               */s/ David Rehfuss*
                               David Rehfuss
                               Special Assistant United States Attorney
                               United States Attorney No. 228
                               400 N. Tampa St., Ste. 3200
                               Tampa, FL 33602-4798
                               Telephone: (813) 274-6000
                               Facsimile: (813) 274-6358
                               E-mail: David.Rehfuss@usdoj.gov